peals ("BIA") affirming a decision of an immigration judge ("IJ") denying his application for discretionary cancellation of removal under 8 U.S.C. § 1229b(a). Curioso argues that he should have been granted cancellation of removal, because the factors favorable to his remaining in this country outweigh the adverse factors. Because Curioso was found to be removable by reason of having committed a criminal offense covered in section 8 U.S.C. § 1182(a)(2), we lack jurisdiction to consider this argument. *See id.* § 1252(a)(2)(C).

Curioso also contends that when, after hearing testimony from Curioso and his wife, the IJ refused to hear from any other witnesses, the IJ (1) violated *In re C–V–T–*, 22 I. & N. Dec. 7, 11 (BIA 1998), by not allowing evidence attesting to Curioso's good character and (2) violated Curioso's due process rights. We review questions of law and due process challenges *de novo. Mai v. Gonzales,* 473 F.3d 162, 164 (5th Cir.2006); *Anwar v. INS,* 116 F.3d 140, 144 (5th Cir.1997).

Curioso has not demonstrated that, by limiting unnecessary testimony after the IJ had already determined that Curioso lacked good moral character, the IJ disregarded *C–V–T–*, 22 I. & N. Dec. at 11. Curioso also has failed to make an initial showing of substantial prejudice with respect to his due process claim. *See Anwar,* 116 F.3d at 144.

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern Dis-

trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Fernando Garcia–Garcia (Garcia) appeals the 36–month sentence he received following his guilty-plea conviction for illegal reentry after deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Garcia argues that the provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional, but this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia contends that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* 546 U.S. 919, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but raises it to preserve it for further review.

Garcia argues that the district court erred by characterizing his prior state felony convictions for possession of a controlled substance as "aggravated felonies" for purposes of U.S.S.G. § 2L1.2(b)(1)(C), thereby enhancing his sentence by eight-levels. Garcia has filed an unopposed motion to remand his case for resentencing in light of the Supreme Court's opinion in *Lopez v. Gonzales,* —— U.S. ——, ——, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). The motion is GRANTED. See *United States v. Estrada–Mendoza,* 475 F.3d 258, 261 (5th Cir.2007). Garcia's conviction is AFFIRMED, the sentence is VACATED and the case is REMANDED for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

Antonio STEELE, Plaintiff–Appellant,

v.

Daniel VALENZUELA; Dr. Sheri Talley, Defendants–Appellees.

No. 05–51541
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

April 17, 2007.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.